IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   09-cv-01225-PAB-MJW

WENDY TANCHEFF,

Plaintiff,

v.

JOHN ALDEN LIFE INSURANCE COMPANY AND ASSURANT, INC.,

Defendant.

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL DISCOVERY AGAINST DEFENDANT JOHN ALDEN (DOCKET NO. 24)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Compel Discovery Against Defendant John Alden (docket no. 24).  The court has reviewed the subject motion (docket no. 24), the response and brief (docket no. 32), and the reply (docket no. 35).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff was insured under a John Alden Life Insurance Company ("JALIC") policy effective March 15, 2005;

5. That both parties agree that the sole issue in this case is whether hemolytic anemia elevated liver enzymes low platelet count ("HELLP") is a medical condition whose diagnosis is distinct from pregnancy but adversely affected by pregnancy.  *See* paragraph 2 in the middle of page 2 in the response (docket no. 32) and the bottom paragraph on page 2 in the reply (docket no. 35).  The ultimate decision of this court will determine whether JALIC made the proper claims determination as to Plaintiff's claims for treatment for HELLP syndrome;

6. That Plaintiff became pregnant in September or October of 2007.  Plaintiff was diagnosed with HELLP syndrome on or around April 27, 2008.  Claims related to and arising out of this condition were submitted to JALIC requesting benefits to be paid under Plaintiff's policy.  JALIC denied these claims.  JALIC denied such claims on the basis that HELLP syndrome is not a condition of pregnancy that is distinct from pregnancy but adversely affected by pregnancy.  Thus, JALIC argues that Plaintiff's HELLP syndrome is not covered under Plaintiff's policy;

7. That in the subject motion (docket no. 24), Plaintiff seeks discovery

and information regarding: (1) personnel files; (2) employee performance evaluations and/or reviews; (3) information on employee bonus programs; (4) training manuals; (5) statistical claims and financial data; and (6) newsletters and other documentation JALIC uses to communicate with its employees. *See* Plaintiff's Interrogatories Nos. 6, 10(a), 10(f), 11, 12, 13, 14, 15, and 16 and Plaintiff's Request for Production Nos. 3, 4, 5, 6:

8. That as to Plaintiff's Interrogatories Numbered 2, 4, 5, 6, 10 b, 10 d, 10 e, and 13, Defendant's objections as stated in Defendant's answers to these above listed interrogatories are **overruled**;

9. That as to Plaintiff's Interrogatories Numbered 8, 10 a, 10 c, 10 f, 11, 12, 14, 15, and 16, Defendant's objections as stated in Defendant's answers to these above listed interrogatories are **sustained**; and,

10. That as to Plaintiff's Request for Production of Documents Numbered 1, 2, 3, 4, 5, 6, 7, 8, and 9, Defendant's objections as stated in Defendant's answers to these above listed Requests for Production of Documents are **sustained.**

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Compel Discovery Against Defendant John

4

Alden (docket no. 24) is **GRANTED IN PART AND DENIED IN PART**;

2. That the Subject Motion (docket no. 24) is **GRANTED** insofar as Defendant shall provide complete responses to Plaintiff's Interrogatories Numbered 2 , 4, 5, 6, 10 b, 10 d, 10 e, and 13 on or before November 13, 2009;

3. That the remainder of the Subject Motion (docket no. 24) is **DENIED**;

4. That each party shall pay their own attorney fees and costs.

Done this 22nd day of October 2009.

                                        BY THE COURT

                                        S/ Michael J. Watanabe
                                        MICHAEL J. WATANABE
                                        U.S MAGISTRATE JUDGE